Filed 9/4/15  P. v. Harper CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DEROME HARPER,<br><br>    Defendant and Appellant. | B261521<br><br>(Los Angeles County<br>Super. Ct. No. NA095460) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Arthur Jean, Jr., Judge.  Affirmed.

Donna L. Harris, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Derome Harper appeals from a murder conviction for the shooting of his best friend, Jamal Lindsey. Harper's counsel on appeal has submitted a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436. After independent review of the record, we affirm the judgment.

## DISCUSSION

Harper and Lindsey were good friends who belonged to the same street gang in Long Beach, the Rolling 20 Crips. In April 2013, they also happened to be dating sisters Toni Cox and Taquasha Speck. Harper had a young son with Cox while Lindsey had just begun to date Speck. On April 20, 2013, the two couples attended a funeral together. After the funeral, they arrived back at Speck's house. Harper and Lindsey then left in Speck's car for a few hours. When they came back, Speck and Lindsey dropped Harper off at his home.

Later, Lindsey called Harper, accusing him of taking his PlayStation. Harper believed Lindsey had agreed to let him borrow it. Speck drove Lindsey to a home used by the Rolling 20's to pick up the PlayStation from Harper. When they arrived, Harper was waiting for them outside. He gave the PlayStation to Lindsey, who exited the car and began to fight with Harper. Lindsey quickly knocked Harper to the ground. Harper then shot Lindsey approximately 14 times when Lindsey attempted to get back in the car.[1]

Harper was charged with one count of murder under Penal Code[2] section 187, subdivision (a) with special allegations that he personally discharged a firearm and personally used a firearm in the offense under sections 12022.53, subdivisions (b)-(d). It was further alleged Harper suffered a prior conviction for first degree burglary and a prior separate prison term. (§§ 667, subds. (a)(1) & (b)-(i), 667.5, subd. (b), 1170.12.)

---

[1] According to the medical examiner, 14 shots entered Lindsey's body, many of which were fatal.

[2] All further section references are to the Penal Code unless otherwise specified.

At trial, Speck, Harper, and a third party eyewitness testified to the events described above. Harper admitted to shooting Lindsey, but testified it was in self-defense. He knew Lindsey had a temper and had committed violent crimes. Harper also knew Lindsey kept a gun in the car and believed he was trying to reach for his gun after the fight. Speck acknowledged Lindsey often kept a firearm in her car. However, she testified they drove her aunt's car to get the PlayStation because her own car began to overheat earlier in the day. Speck also testified Harper warned Lindsey prior to the fight, "Wait a minute. Let me put my gun down." After the fight, Speck heard Harper say to Lindsey, "Is that how you are going to do me? Is that how you are going to do me?" before shooting him.

The medical examiner testified Lindsey had alcohol, PCP, and marijuana in his system at the time of his death. The defense argued in closing that Lindsey had a reputation for violence, having committed violent crimes, and was known to carry a weapon. As a result, Harper was justified in shooting Lindsey in self-defense.

The jury rejected Harper's defense, finding him guilty of second degree murder and further finding he personally and intentionally discharged a firearm which caused great bodily injury and death within the meaning of section 12022.53, subdivision (d). In a bifurcated bench trial, the trial court found true the prior conviction allegations. Harper moved to strike his prior conviction under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. That motion was denied. Harper was sentenced to a total term of 60 years to life in state prison, including 15 years to life for the murder, doubled pursuant to section 1170.12, subdivision (a)-(d), plus consecutive enhancements of 25 years to life pursuant to section 12022.53, subdivision (d) and 5 years pursuant to section 667, subdivision (a)(1). Harper was also ordered to pay a number of court assessment and restitution fines. He timely appealed on January 14, 2015.

We appointed counsel to represent Harper on appeal. She filed a *Wende* brief, which summarizes the facts with citations to the record, which raises no issues, and which asks us to independently review the record. Counsel also indicated she mailed a copy of the brief and the record on appeal to Harper, advising him that he may file a

supplemental brief raising any issues he wishes.  We have also notified Harper of his right to submit any claim, argument, or issue he would like us to review.  We have received no response.  Having independently reviewed the record on appeal, we find no arguable issues exist.  (*Wende, supra*, 25 Cal.3d 436; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

## DISPOSITION

The judgment is affirmed.


BIGELOW, P. J.

We concur:


RUBIN, J.


FLIER, J.

4